[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-10760

Non-Argument Calendar

_____

STEPHANIE BENAVIDEZ BAKER,

Plaintiff-Appellant,

*versus*

CITY OF DELRAY BEACH,
a Florida municipal corporation,
JAVARO A. SIMS,
individually,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:21-cv-82076-DMM

_____

Before JORDAN, BRASHER, and ABUDU, Circuit Judges.

PER CURIAM:

Stephanie Baker, a Mexican-American police officer with the City of Delray Beach, appeals the district court's grant of summary judgment in favor of the City and its former Chief of Police, Javaro Sims, on her employment discrimination claims under 42 U.S.C. § 1983, Title VII, the ADEA, and the FCRA. She argues that there is a genuine issue of material fact regarding whether Chief Sims and the City discriminated against her on the basis of age, sex, or race by not promoting her to sergeant.

We review a district court's grant of summary judgment *de novo*. *See Jones v. UPS Ground Freight*, 683 F.3d 1283, 1291 (11th Cir. 2012). Summary judgment is proper if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(a). All submitted evidence is viewed in the light most favorable to the nonmovant and all justifiable inferences are drawn in its favor. *See Jones*, 683 F.3d at 1291-92. The party moving for summary judgment has the initial burden of demonstrating through evidence that there is no genuine issue of material fact. *See id.* at 1291. The nonmovant must then rebut the movant with evidence of a genuine dispute.

*See id.* If the nonmovant presents evidence that is merely colorable or not "significantly probative of a disputed fact," the movant is entitled to summary judgment. *See id.*

An employment-discrimination plaintiff must present direct evidence of discrimination, demonstrate a convincing mosaic of discrimination, or satisfy the *McDonnell Douglas* burden-shifting framework. *See Lewis v. City of Union City*, 918 F.3d 1213, 1220 & n.6 (11th Cir. 2019) (en banc); *see generally McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). When proceeding under *McDonnell Douglas*, if the plaintiff establishes a *prima facie* case, the defendant must then proffer a legitimate and non-discriminatory reason for its actions. *See Lewis*, 918 F.3d at 1220-21. If it does, the plaintiff must show that (or create an issue of fact on whether) the proffered reason was pretext for discrimination. *See id.* To survive summary judgment on a claim, a plaintiff must show that there is a genuine issue of material fact surrounding each of her employer's stated reasons. *See Chapman v. AI Transp.*, 229 F.3d 1012, 1024-25 (11th Cir. 2000). "Provided that the proffered reason is one that might motivate a reasonable employer, the employee must meet that reason head on and rebut it, and the employee cannot succeed by simply quarreling with the wisdom of that reason." *Id.* at 1030.

We do not "sit as a super personnel department" or analyze whether a stated reason is prudent, fair, or based on a mistaken belief by the employer. *See Owens v. Governor's Office of Student Achievement*, 52 F.4th 1327, 1338 (11th Cir. 2022). An employer may act for "a good reason, a bad reason, a reason based on erroneous

facts, or for no reason at all," as long as it is not discriminatory. *See id.* If the employer was dissatisfied with the employee for non-discriminatory reasons, summary judgment should be awarded to the employer, even if those reasons were unfair or based on a mistaken belief. *See id.*

When opposing a motion for summary judgment, a party must make arguments and/or prevent evidence in her favor, and may not merely rely on her pleadings. *See Resolution Tr. Corp. v. Dunmar Corp.*, 43 F.3d 587, 592 (11th Cir. 1995). Grounds not relied on at summary judgment are generally abandoned. *See id.*; *see also Case v. Eslinger*, 555 F.3d 1317, 1329 (11th Cir. 2009) ("A party cannot readily complain about the entry of a summary judgment order that did not consider an argument they chose not to develop for the district court at the time of the summary judgment motions.").

In the district court, Ms. Baker did not assert direct discrimination or present a convincing mosaic theory. As a result, she cannot present those theories for the first time on appeal. *See id.*

That leaves the *McDonnell Douglas* methodology. Even if Ms. Baker could establish a *prima facie* case of discrimination under the relevant statutes, she has not shown that the defendants' stated reasons for her non-promotion were pretextual. *See Lewis*, 918 F.3d at 1220-21.

Ms. Baker faced an internal affairs investigation at the time of some of the challenged promotions regarding alleged misuse of her position, false overtime claims, and making false statements. Chief Sims stated that he did not feel it was appropriate to promote

Ms. Baker to sergeant given the nature of the allegations against her. He also explained why the officers he selected were chosen. He discussed individualized factors such as their experience, connections, skills, patience, intelligence, and standing in the community. Ms. Baker has not created an issue of fact as to whether those reasons were a pretext for discrimination. She merely argued at summary judgment that she was qualified for the sergeant position and that she was innocent of the allegations made against her. Although she was ultimately exonerated in the internal affairs investigation, she has not demonstrated that there is evidence in the record that the defendants' stated reasons were pretextual, rather than mistaken or unfair. *See Chapman*, 229 F.3d at 1024-25; *Owens*, 52 F.4th at 1338. The district court therefore correctly awarded summary judgment to the defendants on her employment discrimination claims. *See Chapman*, 229 F.3d at 1024-25. Given our decision, we need not address the district court's ruling that Ms. Baker abandoned her age discrimination and municipal liability claims.

The district court also properly concluded that Ms. Baker had abandoned her claims relating to not being appointed as an acting sergeant. Her unusually perfunctory response to the defendants' summary-judgment motion did not mention those claims. As a result, she abandoned them. *See Resolution Tr.*, 43 F.3d at 592.

**AFFIRMED.**